Filed 1/22/24  P. v. Thomas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD NOEL THOMAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B326682<br>(Super. Ct. No. CR45419)<br>(Ventura County) |

In an unpublished opinion filed more than 22 years ago, we affirmed appellant Edward Noel Thomas's judgment of conviction.  (*People v. Thomas* (Mar. 28, 2001, B138135).) Appellant appeals from the trial court's order resentencing him pursuant to Penal Code section 1172.75.[1]  He claims the trial court abused its discretion in reducing his original sentence by only one year.  We affirm.

---

[1] All statutory references are to the Penal Code.

*Appellant's Original Sentence*

In 1999 a jury convicted appellant of second degree robbery (§§ 211, 212.5, subd. (c)); possession of a firearm by a felon (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1)); and false imprisonment by violence (§§ 236, 237.) The jury found true an allegation that appellant had personally used a firearm during the commission of the robbery. (§ 12022.53, subd. (b).) Appellant admitted one prior prison term (former § 667.5, subd. (b)); one prior serious felony conviction (§ 667, subd. (a)); and one prior conviction within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i); 1170.12.) The prior strike was a conviction of attempted armed robbery.

Appellant was originally sentenced to prison for an aggregate term of 27 years, four months, calculated as follows: 10 years for the robbery (the upper term of five years doubled because of the strike), plus consecutive terms of one year, four months for possession of a firearm by a felon (one-third the two-year middle term doubled because of the strike); 10 years for the firearm use enhancement; five years for the prior serious felony conviction, and one year for the prior prison term. The court imposed the three-year upper term for false imprisonment by violence but stayed execution of the sentence pursuant to section 654.

*Section 1172.75 Proceedings*

In July 2022 appellant filed in this court a petition for a writ of habeas corpus (B321493). Appellant requested that he be resentenced pursuant to section 1172.75. In November 2022 we ordered the Director of the Department of Corrections and Rehabilitation to show cause "in a return before the superior court . . . why the relief prayed for in the petition should not be

granted." The Attorney General states, "[T]he superior court granted appellant's writ and determined he was entitled to a full resentencing [hearing] pursuant to section 1172.75."

Appellant was entitled to a full resentencing hearing because his one-year prior prison term enhancement was "legally invalid" since it was not "imposed for . . . a sexually violent offense." (§ 1172.75, subd. (a).) If a sentence includes such an invalid prior prison term enhancement, "the court shall recall the sentence and resentence the defendant." (*Id*., subd. (c).) "The court shall apply . . . any . . . changes in law that reduce sentences or provide for judicial discretion . . . ." (*Id*., subd. (d)(2).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

At the time of the resentencing hearing in February 2023, appellant was 59 years old. The trial court struck the one-year prior prison term enhancement and resentenced him to prison for 26 years, four months. The resentencing order is appealable as "a final judgment of conviction." (§ 1237, subd. (a).)

*Trial Court's Refusal to Strike Prior Serious*
*Felony Conviction and Firearm-Use Enhancement*

Appellant claims the trial court abused its discretion in refusing to strike the five-year prior serious felony conviction enhancement (§ 667, subd. (a)(1)) and the 10-year firearm use enhancement (§ 12022.53, subd. (b)). "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

3

Appellant acknowledges that "[w]hen he entered prison, [he] was a gang member who had spent most of his adult life in and out [of] trouble . . . ." But appellant claims that "[t]oday] . . . [he] is a very different person. . . . [He] has turned his life around about as much as one can while they are locked up behind bars. . . . He's . . . converted to Islam, observes his religious obligations daily, and is obtaining his GED."

The trial court did not abuse its discretion in refusing to strike the enhancements. The court reasonably concluded that "dismissal of the enhancements would endanger public safety." (See § 1385, subd. (c)(2) [proof of one or more specified mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety"].) The trial court noted, "[Appellant's] criminal history is serious, having committed the above delineated serious and violent felonies [the present offense of armed robbery and the prior strike of attempted armed robbery], but also having been convicted of possessing a shank in jail and committing an aggravated assault upon a law enforcement officer, both resulting in other prison commitments."

The court said appellant's "prison behavior [while incarcerated for the present offenses] has been atrocious." In 2005 he was convicted of battery by a prisoner upon a nonprisoner (§ 4501.5) and two counts of obstructing or resisting an executive officer (§ 69). The victim of the battery was a correctional officer. He described the attack as follows: "[Appellant] suddenly grabbed my left hand, pulling me towards him. I observed what appeared to be a small metal object in his right hand. I tried to step back but [appellant] lunged forward,

4

striking me twice to the left side of the face. [Appellant] then jumped up and pulled me into the cell, grabbing me by my upper torso in a bear hug and ran me into the wall in the back of the cell, causing me to hit my head on the wall." Another officer who was present reported: "I realized that [appellant] had a razor blade in his left hand. I ordered him to drop the razor, with negative results. I grabbed [appellant's] left hand and forced it open and the razor fell to the floor." For the 2005 felony battery conviction, appellant was sentenced to prison for a consecutive term of four years.

The trial court listed numerous additional acts committed by appellant in prison that involved either violence or a threat of violence. For example, in 2005 a correctional officer found "three razor blades hidden in [appellant's] shower shoe." In 2011 appellant and another inmate got into a fist fight. In 2014 appellant possessed an "Inmate Manufactured Deadly Weapon." In 2017 he and eight other inmates "attacked Sgt. Hernandez and staff." Appellant and the "other inmates were observed by staff hitting Sgt. Hernandez and staff in the head and upper torso area." In 2018 appellant punched a correctional officer in the neck. In April 2021 appellant resisted correctional officers' efforts to control him and kicked one of the officers in the left shin. During the struggle, appellant said to Sgt. Gonzales, "'Fuck you Gonzales' and 'We can fight right now.'" At a disciplinary hearing in May 2021, appellant threatened to physically harm correctional officers. During an inventory of appellant's property in June 2021, a correctional officer found "an Inmate Manufactured Weapon" that "was approximately 3 inches long and approximately 1/8 inch wide at its widest point with a sharp

pointed end.  The [weapon] was made of metal stock . . . ."  It had "melted plastic for a handle."

Appellant claims "[t]he resentencing court . . . abused [its] discretion by relying [in part] on Administrative Segregation Unit Placement Notices and Rules Violation Reports to establish that [appellant] would endanger public safety if he were released from pris[]on."  Instead of relying on such "mere allegations" of his violent behavior in prison, appellant argues that the trial court should have relied only on "findings of guilt made after a full disciplinary hearing."  But appellant has not cited any authority requiring the court to disregard correctional officers' reports of violent prison conduct unless the alleged conduct was proven at a full disciplinary hearing.

The trial court credited testimony by appellant and his brother that, as a child, appellant had suffered from "child abuse" and had been "expos[ed] to domestic violence."  But the court concluded "there was minimal evidence that [his] prior victimization and childhood trauma were substantially connected to [his] involvement in the commission of [the instant] offenses."

 The trial court also credited appellant's "claims of mental illness and physical incapabilities."  But in view of his conduct in prison, the court found appellant's "testimony regarding rehabilitation after 2014 upon conversion to the Muslim religion . . . to not be credible."  The court stated that credible "evidence of rehabilitation is virtually nonexistent."

Accordingly, the trial court did not act irrationally or arbitrarily in refusing to dismiss the enhancements because dismissal "would endanger public safety."

6

*Appellant's Motion to Take*
*Additional Evidence on Appeal*

Eight days after the filing of his reply brief, appellant filed a motion requesting this court "to take documentary evidence of the following facts: [¶] [(1)] On May 12, 2023, Correctional Counselor Stephen Cabral 'discovered' that Rule Violation Report Log # 3A-14-09-049R, which alleged that Thomas had been in 'Possession of an Inmate Manufactured Deadly Weapon,' had been dismissed by the Chief Disciplinary Officer. [¶] [(2)] On June 6, 2019, Rule Violation Report Log # 218724 was 'adjudicated,' and Thomas was found 'Not Guilty' of 'ASSAULT ON A PEACE OFFICER BY MEANS LIKELY TO CAUSE GBI,' and all related charges were "dismissed in the Interest of Justice.' [¶] [(3)] On February 10, 2023, Monterey County Superior Court Judge Gilbert T. Brown dismissed Case Nos. 19CR004854 and 19CR007932, wherein it was alleged that Thomas had twice violated Penal Code section 4501.5 (Battery by Prisoner on a Non-Prisoner)."

Appellant made the motion pursuant to Code of Civil Procedure section 909 and rule 8.252(c) of the California Rules of Court. The People have not filed a response to the motion.

"It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' . . . This rule reflects an 'essential distinction between the trial and the appellate court . . . that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law . . . .' [Citation.] . . . 'Although appellate courts are authorized to make findings of fact on appeal by Code of Civil Procedure section 909 and rule

7

[8.252(c)] of the California Rules of Court, the authority should be exercised sparingly. [Citation.] *Absent exceptional circumstances, no such findings should be made.*" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

Here, exceptional circumstances do not justify making the findings of fact requested by appellant. If the evidence had been introduced at the resentencing hearing, it is not reasonably probable that the resentencing would have been different. The documents attached to appellant's motion show that on February 10, 2023, four days after appellant had been resentenced, the Monterey County Superior Court dismissed two felony charges of battery allegedly committed by appellant against two correctional officers.

The documents attached to appellant's motion show that he was found not guilty of the alleged 2017 assault on a correctional officer. As to the 2014 charge of "Possession of an Inmate Manufactured Deadly Weapon," he "was found guilty of a lesser charge of [possession of] Dangerous Contraband." In view of the numerous acts of violence committed by appellant inside and outside of prison, the findings as to the 2017 and 2014 charges do not undermine the trial court's conclusion that "dismissal of the enhancements would endanger public safety." Accordingly, we deny appellant's motion to take additional documentary evidence on appeal.

*Trial Court's Refusal to Dismiss Prior Strike*

Appellant argues that the trial court abused its discretion in denying his motion to dismiss the prior strike conviction. (See *Carmony*, *supra*, 33 Cal.4th at p. 375 ["a trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion"].)

8

"'[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law . . . "in furtherance of justice" pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

The trial court did not act arbitrarily or irrationally in concluding that appellant should not be deemed to be outside the spirit of the Three Strikes law. The court reasoned: Appellant "had a prior strike for an attempted robbery on an elderly victim [upon whom] great bodily injury was inflicted. While in custody on that case he was convicted for having a shank . . . . The prior strike offense was committed seven years prior to the instant offense . . . . So . . . [the prior strike is] not remote in time. [¶] . . . [H]is criminal history started in 1985. . . . [¶] . . . [¶] The nature of the instant case is serious. It involved a robbery with a loaded firearm, a false imprisonment of the victim, removing the victim's ability to call 911. [¶] The Court took into account [appellant's] childhood trauma and the extent [to] which the sentence would protect society. [¶] As such, the Court finds that [appellant] falls within the spirit[] of the Three Strikes Law and declines to exercise its discretion [to] strik[e] the strike prior."

*Trial Court's Refusal to Reduce*
*Upper-Term Sentence to Middle Term*

Appellant contends: "The five-year and three-year [upper] terms [imposed for robbery and false imprisonment by violence], respectively, should have been reduced to their middle terms" pursuant to section 1170, amended subdivision (b).  But in resentencing appellant, the trial court imposed the upper term only for the robbery conviction.  As to the conviction for false imprisonment by violence, the court imposed the middle term of two years and doubled it to four years because of the prior strike.  Pursuant to section 654, the court stayed execution of the four-year sentence.

"Effective January 1, 2022, Senate Bill No. 567 amended section 1170[, subdivision (b)] to provide that a court 'shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).'  (§ 1170(b)(1); Stats. 2021, ch. 731, § 1.3.)  In turn, subdivision (b)(2) of the statute provides that '[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial.'  (§ 1170(b)(2).)"  (*People v. Fox* (2023) 90 Cal.App.5th 826, 830-831, fns. omitted.)

In justifying imposition of the upper term for the robbery conviction, the court stated: "I am not going to impose . . . [the] mid[dle] term based upon the fact that the defendant was on probation or parole.  I believe he had been only out of custody for a period of two months when he picked up the instant case.  So he

10

was on probation or parole at the time of the offense, and he performed unsatisfactor[il]y on probation or parole." Appellant's probation report stated that he had been paroled on October 16, 1998. The instant offenses were committed one month later on November 15, 1998.

Both parties agree that we should apply the "abuse of discretion" standard of review to the court's refusal to impose the middle term. Appellant claims the trial court abused its discretion by "focusing solely on unproven/ unstipulated 'aggravating factors'" in violation of amended section 1170, subdivision (b)(2). We conclude the trial court did not violate the statute and did not abuse its discretion.

In determining whether to impose the upper term, "the court may consider the defendant's prior convictions . . . based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).) "[T]he fact of a prior conviction encompasses a finding that . . . defendant was on probation or parole at the time the crime was committed." (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 938.)

At the resentencing hearing appellant's counsel said she had no objection to the admission of "a certified copy of [appellant's 12-page] rap sheet." The trial court could therefore consider the rap sheet, which showed appellant's criminal record and performance on probation or parole. (See *People v. Scott* (1994) 9 Cal.4th 331, 353 ["the waiver doctrine should apply to claims involving the trial court's failure to properly make . . . its discretionary sentencing choices]; accord, *People v. Kidane* (2021) 60 Cal.App.5th 817, 826.)

The trial court could also consider appellant's probation report. His counsel objected on hearsay grounds to the admission

11

of the report. The trial court overruled the objection because the probation report contained "reliable" hearsay. Appellant does not claim the court erroneously admitted the probation report. (See *People v. Hall* (2019) 39 Cal.App.5th 831, 838-839 [for purposes of resentencing, reliable hearsay statements in the probation report are admissible]; *People v. Flores* (2022) 75 Cal.App.5th 495, 501 [probation report "established Flores's unsatisfactory performance while on probation — he was on probation when committing the offense against Doe"].)

Thus, the trial court did not abuse its discretion in imposing the upper term for robbery based on appellant's commission of the offense while he was on parole. "Under California's determinate sentencing system, the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term." (*People v. Black* (2007) 41 Cal.4th 799, 813; see *People v. Lopez* (2022) 78 Cal.App.5th 459, 467 ["unquestionably the trial court may still rely on any single permissible aggravating factor to select an upper term sentence under the newly-revised triad system" of section 1170, subdivision (b)].)

*Disposition*

The judgment entered upon resentencing is affirmed. NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

12

Michele M. Castillo, Judge

Superior Court County of Ventura

_____

Law Offices of Andrew F. Alire and Andrew F. Alire, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.